**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JACOB CHAVEZ-GARNETT,

      Petitioner,

v.                                          No. 19-cv-428 KG-KK

STATE OF NEW MEXICO, *et al.*,

      Respondents.

**OPINION AND ORDER TO SHOW CAUSE**

This matter is before the Court on Petitioner Jacob Chavez-Garnett's 28 U.S.C. § 2254 Habeas Corpus Petition (Doc. 1). Also before the Court is Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. 2). Petitioner asks the Court to modify the order revoking probation on his state criminal convictions. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will grant the Motion but require Petitioner to show cause why his Habeas Petition should not be dismissed as untimely and unexhausted.

## I. Procedural Background

The procedural history in this case is fairly complex. To better interpret the citations in the Petition, the Court took judicial notice of the state court docket in Petitioner's criminal cases, Case No. D-1215-CR-2014-00497 and D-1215-CR-2015-00127. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand"); *United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

On April 22, 2015, Petitioner entered a no-contest plea to the following offenses: (Count 1): aggravated assault with a deadly weapon; (Counts 2 and 3): criminal damage to property; (Count

4): failure to give immediate notice of accidents; and (Count 5): battery against a household member. *See* Doc. 1 at 1; Plea Agreement in Case No. D-1215-CR-2014-00497. The state court sentenced Petitioner to 69 months' imprisonment in Case No. D-1215-CR-2014-00497. That sentence was to run consecutive with Petitioner's sentence in D-1215-CR-2015-00127, for a total prison term of 87 months. However, both sentences were fully suspended, and Petitioner was placed on probation for five years in lieu of incarceration. *Id.* The state court entered judgment in both related cases on September 18, 2015. *See* Case No. D-1215-CR-2014-00497 and D-1215-CR-2015-00127.

Less than two months later, the state prosecutor filed a motion to revoke probation. *See* Petition filed November 5, 2015 in Case No. D-1215-CR-2014-00497. The prosecutor alleged Petitioner committed aggravated battery with a deadly weapon. *Id.* By an Order entered February 26, 2016, the state court revoked probation and ordered Petitioner to serve both sentences in full. *See* Order Revoking Probation in Case No. D-1215-CR-2014-00497 and D-1215-CR-2014-00497. On April 12, 2016, Petitioner filed the first of several motions to reconsider or correct the judgment. *See* Mtn to Reconsider in case no. Case No. D-1215-CR-2014-00497 and D-1215-CR-2014-00497. The following timeline reflects the state court docket activity between 2016 and 2019.[1]

> March 28, 2016: The revocation judgment becomes final following the expiration of the 30-day appeal period. *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001); NMRA, Rule 12-201.

> April 12, 2016: Petitioner files the first motion to reconsider in both cases.

---

[1] The Court considered activity in both criminal cases, Case No. D-1215-CR-2014-00497 and D-1215-CR-2015-00127, and assumed a 30-day appeal period should be added each time the state court denied a motion by Petitioner. This calculation method benefits Petitioner and does not change the result in this case.

April 28, 2017:   The state court denies the motion in D-1215-CR-2014-00497.

Nov. 13, 2017:   The state court denies the motion in D-1215-CR-2015-00127.

Dec. 13, 2017:   Petitioner does not appeal, and the 30-day period expires in both cases.

**- 223 days pass with no activity in either case -**

July 25, 2018:   Petitioner files another motion to reconsider in both cases.

July 26, 2018:   The state court enters a summary denial in both cases.

Aug. 26, 2018:   Petitioner does not appeal, and the 30-day period expires in both cases.

**- 249 days pass with no activity in either case -**

May 3, 2019:   Petitioner files a state habeas petition in both cases.

May 6, 2019:   Petitioner files the federal § 2254 Petition in his Court.

The state court docket reflects the state habeas proceeding is still ongoing.  *See generally* Case No. D-1215-CR-2014-00497 and D-1215-CR-2015-00127.

## II.   *In Forma Pauperis* **Motion**

As an initial matter, Petitioner seeks to prosecute this habeas action without prepaying the $5 filing fee.  *In forma pauperis* relief is available where the petitioner's statement of assets demonstrates he is unable to prepay the filing fee before commencing suit.  *See* 28 U.S.C. § 1915(a).  Petitioner's affidavit indicates he currently has no income or assets.  (Doc. 2).  The Court will therefore grant the Motion.  Petitioner is reminded that even though prepayment is excused, he remains obligated to pay the $5 filing fee at a later time.  *See* 28 U.S.C. § 1915(a).

## III.   **Initial Review of the § 2254 Petition**

The Petition is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2254.  Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions.  "If it plainly appears from the petition

and any attached exhibits that the petitioner is not entitled to relief … the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer…." *Id.*

Section 2254 petitions must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1)     while a state habeas petition is pending, § 2244(d)(2);

(2)     where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)     where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4)     where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C). Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

"A habeas petitioner is [also] generally required to exhaust state remedies" before obtaining relief "under § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "AEDPA's time bar and other affirmative defenses … such as exhaustion of state remedies … may be raised by a court sua sponte." *United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008). As the Tenth Circuit

explained, "habeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside." *Id.*

In this case, the Petition appears untimely. The one-year period began to run on March 28, 2016, when the revocation judgment became final. For simplicity, the Court will assume each state court motion tolled the one-year period under § 2244(d)(2) (tolling during state habeas proceedings), and that tolling applied until the appeal period expired in connection with his first motion to reconsider (*i.e.,* December 13, 2017). Thereafter, 223 days elapsed with no tolling activity. On July 25, 2018, Petitioner filed his second tolling motion. However, the state court summarily denied the motion the next day, and the appeal period expired on August 26, 2018. "The next day statutory tolling ceased," and the remaining "time for filing a federal habeas petition [here, 142 days][2] resumed…" *Trimble v. Hansen*, 2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019). The state court docket reflects there was no additional activity in either case for at least 142 days. The limitation period therefore expired on January 15, 2019, and the May 6, 2019 § 2254 Petition appears to be time-barred.

The record also clearly reflects Petitioner did not exhaust state remedies. The Petition asks: "was an appeal taken," to which Petitioner answered: "No." (Doc. 1 at 3). This is consistent with the state docket, which reflects Petitioner never appealed the revocation judgment and that both state habeas petitions are still pending. *See* Case No. D-1215-CR-2014-00497 and D-1215-CR-2015-00127.

Based on the foregoing, the Court will require Petitioner to show cause within thirty (30)

---

[2] The Court arrived at this figure by subtracting the number of days that initially elapsed (223) from the one-year period (*i.e.,* 365 days in a year - 223 days = 142 remaining days).

days of entry of this Order why his § 2254 Petition should not be dismissed as untimely <u>and</u> for failure to exhaust state remedies. If he disputes the timeline set forth in the background section of this Opinion, he must specify which entry he believes is incorrect, and why. If Petitioner concedes his § 2254 Petition should be dismissed or declines to respond to this Order, the Court will dismiss this habeas action without further notice.

**IT IS ORDERED** that Petitioner's Motion to Proceed *In Forma Pauperis* (Doc. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Petitioner must file a response showing cause, if any, why his § 2254 Petition should not be dismissed as untimely <u>and</u> for failure to exhaust state remedies.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE