IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACOB CHAVEZ-GARNETT,

    Petitioner,

v.                                                        No. 19-cv-428 KG-KK

STATE OF NEW MEXICO, *et al*,

    Respondents.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Petitioner Jacob Chavez-Garnett's 28 U.S.C. § 2254 Habeas Corpus Petition (Petition). (Doc. 1). Petitioner asks the Court to modify the order revoking probation on his state criminal convictions. The Court previously directed Petitioner to show cause why his § 2254 Petition should not be dismissed as untimely and unexhausted. Having reviewed his response, the Court will dismiss the Petition.

I. Procedural Background

    The background facts are taken from the Petition and the state court docket in Petitioner's criminal cases, Case No. D-1215-CR-2014-00497 and D-1215-CR-2015-00127. The state criminal filings are subject to judicial notice. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts can "take judicial notice of publicly-filed records"); *Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each motion was filed").

    On April 22, 2015, Petitioner entered a no-contest plea to four offenses. The charges included aggravated assault with a deadly weapon; criminal damage to property; failure to give immediate notice of accidents; and battery against a household member. (Doc. 1) at 1; (Plea Agreement) in Case No. D-1215-CR-2014-00497. The state court sentenced Petitioner to 69

months imprisonment. (Judgment) in Case No. D-1215-CR-2014-00497. That sentence ran consecutively with Petitioner's sentence in Case No. D-1215-CR-2015-00127,[1] for a total prison term of 87 months. *Id.* Both sentences were fully suspended. *Id.* Petitioner was placed on probation for five years in lieu of incarceration. *Id.* The state court entered Judgment in both cases on September 18, 2015. *Id.*

Less than two months later, on November 5, 2015, the state prosecutor filed a motion to revoke probation. (Motion to Revoke) in Related Cases. The prosecutor alleged Petitioner committed aggravated battery with a deadly weapon. *Id.* On February 26, 2016, the state court granted the motion and ordered Petitioner to serve both sentences in full. (Revocation Order) in Related Cases. On April 12, 2016, Petitioner filed the first of several motions to reconsider the sentence and/or Revocation Order. (Motion to Reconsider) in Related Cases. The following timeline reflects the state court docket activity between 2016 and 2019.

> March 28, 2016:   The Revocation Order becomes final following the expiration of the 30-day appeal period. *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001); NMRA, Rule 12-201.
>
> April 12, 2016:   Petitioner files the first motion to reconsider in both Related Cases.
>
> April 28, 2017:   The state court denies the motion in D-1215-CR-2014-00497.
>
> Nov. 13, 2017:   The state court denies the motion in D-1215-CR-2015-00127.
>
> Dec. 14, 2017:   Petitioner does not appeal, the 30-day period expires, and the order denying reconsideration becomes final.
>
>          - 223 days pass with no state court tolling activity -

---

[1] Together, the Court refers to Case No. D-1215-CR-2014-00497 and Case No. D-1215-CR-2015-00127 as the "Related Cases."

    July 25, 2018:   Petitioner files another motion to reconsider in both Related Cases.

    July 26, 2018:   The state court enters a summary denial in both Related Cases.

    Aug. 27, 2018:   Petitioner does not appeal, the 30-day period expires, and the order denying reconsideration becomes final.

        - 249 days pass with no state court tolling activity -

    May 3, 2019:   Petitioner files a state habeas petition in both cases.

    May 6, 2019:   Petitioner files the federal Section 2254 Petition in his Court.

(Docket Sheets) in Related Cases.

    The Petition appears to raise a due process claim stemming from the revocation proceeding. (Doc. 1) at 3. By an Order entered June 25, 2019, the Court screened the Petition and determined it was plainly time barred. (Doc. 5); *see also Day v. McDonough,* 547 U.S. 198, 209 (2006) (As part of the initial review process, "district courts are permitted … to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). The Order also observed Petitioner did not exhaust state remedies. The state court docket reflects that, after entry of the Order, Petitioner completed the state habeas process. (Docket Sheets) in Related Cases. Hence, the Court will focus on the time-bar, and determine whether the show-cause response warrants tolling. (Doc. 5).

II. <u>Discussion</u>

    Section 2254 petitions must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

    (1)    While a state habeas petition is pending;

    (2)    Where unconstitutional state action has impeded the filing of a federal habeas

petition;

      (3)      Where a new constitutional right has been recognized by the Supreme Court; or

      (4)      Where the factual basis for the claim could not have been discovered until later.

28 U.S.C. §§ 2244(d)(1), (2). Because the limitation period is not jurisdictional, it may also be extended through equitable tolling. *See Clay v. United States*, 537 U.S. 522, 524 (2003).

Here, the Revocation Order became final on March 28, 2016, following expiration of the direct appeal period. *See Locke*, 237 F.3d at 1271-1273 (10th Cir. 2001). For simplicity, the Court assumes the one-year period was tolled until December 13, 2017. On that date, Petitioner exhausted his right to appeal the orders denying reconsideration. Two hundred and twenty-three (223) days elapsed with no tolling activity. The second motion to reconsider, filed July 25, 2018, stopped the clock pursuant to 28 U.S.C. § 2244(d)(2). However, the state court denied the motion the next day, and the appeal period expired on August 26, 2018. "The next day statutory tolling ceased," and the remaining "time for filing a federal habeas petition [*i.e.,* 142 days][2] resumed…." *Trimble v. Hansen*, 2019 WL 990686, at *2 (10th Cir. Feb. 28, 2019). The state court docket reflects no tolling activity in either Related Case for at least 142 days. Hence, the one-year period expired, at the latest, on January 16, 2019. Unless tolling applies, the Section 2254 proceeding filed on May 6, 2019, is time-barred.

The Court set forth the above principles, including the state court timeline, in its Order to Show Cause. (Doc. 4). Petitioner does not appear to contest those calculations. (Doc. 5) at 1. Instead, he seeks equitable tolling because his state court attorney failed to file an appeal in a

---

[2] The Court arrived at this figure by subtracting the number of days that initially elapsed (223) from the one-year period (*i.e.,* 365 days in a year - 223 days = 142 remaining days).

4

"correct and timely manner." *Id.* The Court discerns Petitioner's attorney failed to appeal the Revocation Order or the order denying the first (counseled) motion to reconsider. *Id.* Petitioner also contends he had trouble pursuing post-conviction remedies because his prison lacked "trained institutional librarians." *Id.*

Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000). The inmate must provide "specificity regarding the alleged lack of access and the steps he took to … pursue his federal" claims. *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998). Here, counsel's failure to appeal a state ruling in 2016 or 2017 does not "expla[i]n[] … [Petitioner's] failure to file his federal habeas petition within a year after his … [Revocation Order] became final." *Mullins v. Allbaugh*, 663 Fed. App'x 628, 631 (10th Cir. 2016); *see also Loving v. Mahaffey*, 27 Fed. App'x 925, 926 (10th Cir. 2001) (filing "delay [was not] explained by [petitioner's] attorney's failure to file a notice of appeal"). The lack of legal assistance by trained librarians is also not grounds for equitable tolling. "It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Soares*, 223 F.3d at 1229 (10th Cir. 2000); *see also Rojas-Marceleno v. Kansas*, 765 Fed. App'x 428, 433 (10th Cir. 2018) ("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling").

Accordingly, Petitioner's show-cause response (Doc. 9) does not establish grounds for tolling. The one-year limitation period expired no later than January 16, 2019, and the Section 2254 proceeding filed May 6, 2019, is time-barred. The Court must dismiss the Petition. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the time-bar is

not reasonably debatable in this case.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

IT IS ORDERED:

1. Jacob Chavez-Garnett's 28 U.S.C. § 2254 Habeas Corpus Petition (Doc. 1) is dismissed with prejudice;

2. A certificate of appealability is denied; and

3. The Court will enter a separate judgment closing the civil case.

_____
UNITED STATES DISTRICT JUDGE